UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

| | |
|---|---|
| WILBUR-ELLIS COMPANY LLC,<br><br>              Plaintiff,<br><br>vs.<br><br>BRETT JENS, J.R. SIMPLOT COMPANY, SHANE FASTNACHT, PHYLICIA HOFFMAN, WES HOTCHKISS,<br><br>              Defendants. | 4:23-CV-04104-LLP<br><br>ORDER GRANTING MOTION TO QUASH BY PHYLICIA HOFFMAN<br><br>Docket No. 131 |

**INTRODUCTION**

This matter is before the court on plaintiff Wilbur-Ellis Company LLC's ("W-E") amended complaint against former employees, defendants Brett Jens, Shane Fastnacht, Phylicia Hoffman, and Wes Hotchkiss, and their new employer, defendant J.R. Simplot.[1]  See Docket No. 22.  W-E alleges the

---

[1] W-E is a California limited liability company with its principal place of business in California.  Its sole member (Wilbur-Ellis Holdings II, LLC) is a Delaware LLC with its principal place of business in California.  And *its* sole member (Wilbur-Ellis Holdings, Inc.) is a Delaware corporation with its principal place of business in California.  Docket No. 22, ¶ 9.  All of the individual defendants are citizens of South Dakota.  Id. ¶¶ 10-13.  J.R. Simplot is a Nevada corporation with its principal place of business in Idaho.  Contra id. ¶ 6; see Docket No. 38, ¶ 3; Docket No. 21, ¶ 7.  Jurisdiction is premised on the diverse citizenship of the parties.  See 28 U.S.C. § 1332.

individual defendants left their employment with W-E between June 29 and July 10, 2023, to go to work for J.R. Simplot, a competitor of W-E. See generally id. W-E alleges 12 separate claims against defendants including breach of contract, tortious interference with contractual relations, breach of duty of loyalty, breach of fiduciary duty, violation of state and federal trade secrets laws, unfair competition, and civil conspiracy. Id. ¶¶ 107-98. Now pending is a motion to quash a subpoena by defendant Phylicia Hoffman. Docket No. 131. The district court, the Honorable Lawrence L. Piersol, referred the motion to this magistrate judge for ruling. Docket No. 140.

## FACTS

The facts pertinent to the instant motion are as follows. W-E alleges in its amended complaint that Ms. Hoffman first became employed at W-E on September 26, 2016, and that she left W-E's employ on July 10, 2023. Docket No. 22 at 2, ¶ 4. W-E alleges that Ms. Hoffman is now employed by defendant J.R. Simplot, but does not allege the date she began employment there. Id. at ¶ 7.

W-E alleges that prior to the resignation of her employment with W-E, Ms. Hoffman inserted external drives or USB devices into her W-E computer and accessed "hundreds, if not thousands, of [W-E] documents, including documents containing confidential and trade-secret information." Id. at 4, ¶ 22. W-E further alleges that Ms. Hoffman wiped her entire W-E computer clean and reset it. Id. at ¶ 23. Ms. Hoffman's position at W-E involved sales and contact with W-E customers. Id. at ¶¶ 73-74. W-E alleges Ms. Hoffman

2

"solicited her brother, Josh Hoffman, [as well as other employees] to join the great resignation." Id. at 28, ¶ 84; 34 at ¶ 103.

Previously, W-E served third-party subpoenas on Verizon and AT&T to obtain information on cell phones held by the various individual defendants in this case, including Ms. Hoffman. See Docket Nos. 120-2 & 120-3. The individual defendants then filed a motion to quash those subpoenas on the grounds that the subpoenas sought information that was irrelevant, highly personal, and that the subpoenas were overbroad and not proportionate to the needs of the case. Docket No. 118. That motion was referred to this magistrate judge. Docket No. 125. This court then granted defendants' motion, quashing both subpoenas. Docket No. 130. This court's prior order quashing the subpoenas is incorporated by reference herein in all its detail.

The main point on which the court decided the prior motion to quash was that the subpoenas were "simply too broad. . . The requests [were] not tailored to when each defendant left W-E's employ" nor "to the allegations regarding each defendant," nor were they limited to "contact between defendants' phones and the known (or easily discovered) phone numbers of W-E employees, W-E customers, and Simplot and its employees." Id. at 34. In addition, the court declined to redline the subpoenas because there was so much requested in the subpoenas on which W-E had not even met its burden to show threshold relevance of the information sought. Id. at 34-35. The court found the subpoenas "grossly overbroad" and that the "overbreadth implicates legitimate privacy concerns of defendants." Id. at 37. The court suggested W-E

draft new subpoenas—one for each defendant individually—that was "drastically pared-down" in content requested, or that W-E simply serve defendants directly with discovery requests. Id.

Instead, W-E drafted a second subpoena to Verizon concerning two cell phones attributed to Ms. Hoffman and served the subpoena. Docket No. 131-1. This second (third, really) subpoena was drafted approximately one month after the individual defendants' motion to quash was filed, but a few weeks before this court issued its order.

W-E appealed this court's order granting defendants' first motion to quash. Docket No. 134. The district court affirmed this magistrate judge's original order. Docket No. 153.

## DISCUSSION

The current motion to quash filed by Ms. Hoffman involves a subpoena to Verizon that requests nearly identical information to that which the first Verizon subpoena requested. Only three categories of information have been omitted from the second subpoena. Side by side, here is what the two subpoenas requested:

| SUBPOENA 1 | SUBPOENA 2 |
|---|---|
| | |
| 1. subscriber information for each phone number and individual defendant listed including:<br><br>   a. the party financially responsible for the phone, | 1. subscriber information for each phone number and individual defendant listed including:<br><br>   a. the party financially responsible for the phone, |

| | | | | | |
|---|---|---|---|---|---|
| | b. | the billing address, | | b. | the billing address, |
| | c. | features and services, and | | c. | features and services, and |
| | d. | the dates servers [sic] were provided. | | d. | the dates servers [sic] were provided. |
| 2. | All | | 2. | All | |
| | a. | call originations | | a. | call originations |
| | b. | call terminations | | b. | call terminations |
| | c. | call attempts | | c. | call attempts |
| | d. | voice, video and text message transactions | | d. | voice, video and text message transactions |
| | e. | push to talk transactions | | e. | push to talk transactions |
| | f. | data communications | | f. | data communications |
| | g. | SMS and MMS communications | | g. | SMS and MMS communications |
| | h. | voice communications | | h. | voice communications |
| | i. | LTE and/or IP sessions | | i. | LTE and/or IP sessions |
| | j. | LTE and/or IP destinations | | j. | LTE and/or IP destinations |
| | k. | LTE and/or IP cell site information | | k. | LTE and/or IP cell site information |
| | l. | the originating and receiving phone numbers for items i, j, and k or network IDs for all incoming and outgoing transactions | | l. | the originating and receiving phone numbers for items i, j, and k or network IDs for all incoming and outgoing transactions |
| 3. | All records reflecting | | 3. | All records reflecting | |

5

|   |   |   |   |
|---|---|---|---|
| | a. the date of each and every outgoing communication | | a. the date of each and every outgoing communication |
| | b. the time of each and every outgoing communication | | b. the time of each and every outgoing communication |
| | c. the location of each and every outgoing communication | | c. the location of each and every outgoing communication |
| | d. the date of each and every incoming communication | | d. the date of each and every incoming communication |
| | e. the time of each and every incoming communication | | e. the time of each and every incoming communication |
| | f. the location of each and every incoming communication | | f. the location of each and every incoming communication |
| | g. the telephone number of each incoming communication for each phone number and/or account holder identified on Attachment 1 | | g. the telephone number of each incoming communication for each phone number and/or account holder identified on Attachment 1 |
| | h. the telephone number of each outgoing communication for each phone number and/or account holder identified on Attachment 1 | | h. the telephone number of each outgoing communication for each phone number and/or account holder identified on Attachment 1 |
| 4. | Records reflecting<br>a. the date of each internet usage for each phone number and/or account holder identified on Attachment 1 | Omitted from Subpoena 2 | |

|   |   |   |
|---|---|---|
| | b. the time of each internet usage for each phone number and/or account holder identified on Attachment 1<br>c. the duration of each internet usage for each phone number and/or account holder identified on Attachment 1<br>d. the subject of each internet usage for each phone number and/or account holder identified on Attachment 1<br>e. the internet address of each internet usage for each phone number and/or account holder identified on Attachment 1 | |
| 5. | Records reflecting<br>a. the date of each download of information from external sources for each phone number and/or account holder identified on Attachment 1<br>b. the time of each download of information from external sources for each phone number and/or | Omitted from Subpoena 2 |

7

| | | |
|---|---|---|
| | account holder identified on Attachment 1<br>c.  the location of each download of information from external sources for each phone number and/or account holder identified on Attachment 1<br>d.  the source of each download of information from external sources for each phone number and/or account holder identified on Attachment 1 | |
| 6. | Records reflecting<br>a.  the date of each upload of information to external sources for each phone number and/or account holder identified on Attachment 1<br>b.  the time of each upload of information to external sources for each phone number and/or account holder identified on Attachment 1<br>c.  the location of each upload of information to external sources for each phone | Omitted on Subpoena 2 |

8

| | |
|---|---|
| number and/or account holder identified on Attachment 1<br>d. the destination of each upload of information to external sources for each phone number and/or account holder identified on Attachment 1 | |
| 7. A legend and definitions for any and all abbreviations used in the reports provided | 4. A legend and definitions for any and all abbreviations used in the reports provided |
| 8. An explanation of how to read the call detail records | 5. An explanation of how to read the call detail records |
| 9. Any precise measurement data such as<br><br>a. e-911 location data<br>b. NELOS data<br>c. and any other data recorded for the time period that will provide additional location data | 6. Any precise measurement data such as<br><br>a. e-911 location data<br>b. NELOS data<br>c. and any other data recorded for the time period that will provide additional location data |
| 10. Specific information regarding the time stamps/time zones of the records | 7. Specific information regarding the time stamps/time zones of the records |
| 11. All invoices or billing statements related to each phone number and/or account holder identified on Attachment 1 | 8. All invoices or billing statements related to each phone number and/or account holder identified on Attachment 1 |
| 12. Execution of the Affidavit of Authenticity provided herein at Attachment 2 | 9. Execution of the Affidavit of Authenticity provided herein at Attachment 2 |

Compare Docket No. 120-2 at 4; with Docket No. 131-1 at 5. Both subpoenas requested all of the above information from January 1, 2023, to the present. Id.

This court again quashes the second Verizon subpoena for the same reasons the court quashed the first such subpoena. The court's reasoning and authority for doing so are set forth at length in Docket No. 130, which is incorporated by reference in its entirety herein.

Although the second subpoena does not request the categories of information listed as 4, 5, and 6 in the above left-hand column, it is still grossly overbroad. Like the first, the second subpoena makes no effort to tailor its data requests to the facts of Ms. Hoffman's employment; it makes no effort to restrict the data requested to phone numbers belonging to former employees or customers of W-E or to Simplot employees; and it requests information such as 2 years' worth of location data for every minute of every day for Ms. Hoffman's phones without demonstrating that her location for that extensive period of time, every minute of every day, is relevant to W-E's claims or Ms. Hoffman's defenses. This is simply grossly overbroad, not proportional to the needs of the case, and implicates serious privacy interests of Ms. Hoffman. Information W-E seeks as to Ms. Hoffman's possible contacts with other defendants or with W-E employees or customers can be obtained by other, less-invasive, methods.

## CONCLUSION

Based on the foregoing law, facts, and analysis, including that previously set forth in the court's order at Docket No. 130, it is hereby

ORDERED that defendant Hoffman's motion to quash is GRANTED. Furthermore, it is

10

ORDERED that if any documents were produced by Verizon pursuant to the second subpoena, those documents must be destroyed. It is further

ORDERED that Wilber-Ellis Company, LLC shall provide a copy of this order to third-party USA Legal Network, Inc. and that USA Legal Network, Inc. is also ordered to destroy any documents provided to it by Verizon pursuant to the second subpoena dated June 26, 2024.

## NOTICE OF RIGHT TO APPEAL

Pursuant to 28 U.S.C. § 636(b)(1)(A), any party may seek reconsideration of this order before the district court upon a showing that the order is clearly erroneous or contrary to law. The parties have fourteen (14) days after service of this order to file written objections pursuant to 28 U.S.C. § 636(b)(1)(A), unless an extension of time for good cause is obtained. See FED. R. CIV. P. 72(a); 28 U.S.C. § 636(b)(1)(A). Failure to file timely objections will result in the waiver of the right to appeal questions of fact. Id. Objections must be timely and specific in order to require review by the district court. Thompson v. Nix, 897 F.2d 356 (8th Cir. 1990); Nash v. Black, 781 F.2d 665 (8th Cir. 1986).

DATED this 3rd day of January, 2025.

BY THE COURT:

Veronica L. Duffy

VERONICA L. DUFFY
United States Magistrate Judge