UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

| | |
|---|---|
| WILBUR-ELLIS COMPANY LLC,<br><br>  Plaintiff,<br><br>vs.<br><br>BRETT JENS, SHANE FASTNACHT, PHYLICIA HOFFMAN, WES HOTCHKISS, and J.R. SIMPLOT COMPANY,<br><br>  Defendants. | 4:23-CV-04104-LLP<br><br>ORDER |

Plaintiff and the individual defendants in this action have filed a Stipulation Regarding FRE 502(D) and (E) Clawback Order and Motion for Entry of Same. (Doc. 205.) The purpose of the Stipulation is to protect and preserve privileged documents that are inadvertently produced in discovery by foreclosing any arguments that the attorney-client privilege or the work-product protections were waived by the inadvertent production of the documents.

Federal Rule of Evidence 502 is entitled "Attorney-Client Privilege and Work Product; Limitations on Waiver." Fed. R. Evid. 502. Its provisions "apply . . . to disclosure of a communication or information covered by the attorney-client privilege or work-product protection." *Id*. Rule 502(d) states "[a] federal court may order that the privilege or protection is not waived by disclosure connected with the litigation pending before the court - - in which event the disclosure is also not a waiver in any other federal or state proceeding." *Id.* Congress' intent regarding subsection (d) of Rule 502 was to allow "parties to conduct and respond to discovery expeditiously, without the need for exhaustive pre-production privilege reviews, while still preserving each party's right to assert the privilege to preclude use in litigation of information disclosed in such discovery." Fed. R. Evid. 502 addendum to advisory committee notes.

Rule 502 contemplates issuance of the court order requested by the parties in this case. *See* Fed.R.Evid. 502(d) & (e). The Advisory Committee Notes to Rule 502 state, in relevant part:

> [T]he court order may provide for return of documents without waiver irrespective of the care taken by the disclosing party; the rule contemplates enforcement of "claw-back" and "quick peek" arrangements as a way to avoid the excessive costs of pre-production review for privilege and work product. *See Zubulake v. UBS Warburg LLC,* 216 F.R.D. 280, 290 (S.D.N.Y.2003) (noting that parties may enter into "so-called 'claw-back' agreements that allow the parties to forego privilege review altogether in favor of an agreement to return inadvertently produced privilege documents"). The rule provides a party with a predictable protection from a court order—predictability that is needed to allow the party to plan in advance to limit the prohibitive costs of privilege and work product review and retention.

Fed. R. Evid. 502 advisory committee notes. Accordingly, after consideration of the Stipulation,

**IT IS ORDERED** that the motion for entry of the Stipulation is granted, and the terms contained in the Stipulation are hereby adopted. (Doc. 205.)

Dated this 7th day of April, 2025.

BY THE COURT:

_____
Lawrence L. Piersol
United States District Judge