UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

| | |
|---|---|
| WILBUR-ELLIS COMPANY LLC,<br><br>　　　　　　Plaintiff,<br><br>vs.<br><br>BRETT JENS; J.R. SIMPLOT COMPANY; SHANE FASTNACHT; PHYLICIA HOFFMAN; WES HOTCHKISS,<br><br>　　　　　　Defendants. | 4:23-CV-04104-LLP<br><br>ORDER GRANTING IN PART AND DENYING IN PART INDIVIDUAL DEFENDANTS' MOTION FOR ATTORNEY'S FEES<br><br>Docket No. 192 |

**INTRODUCTION**

Previously, the individual defendants in this case (defendants Brett Jens, Shane Fastnacht, Phylicia Hoffman, and Wes Hotchkiss) filed a motion to compel plaintiff Wilbur-Ellis Company, LLC ("W-E") to produce certain discovery. Docket No. 155. This court granted in part and denied in part that motion. Wilbur-Ellis Co. v. Jens, 4:23-CV-04104-LLP, 2025 WL 90098 (D.S.D. Jan. 14, 2025). W-E then filed objections to this magistrate judge's order, Docket No. 185, with the result that the district court affirmed all of this court's rulings except for one: the discovery with regard to W-E's retention efforts was restricted to the efforts W-E made in South Dakota, Minnesota, Nebraska, Iowa, and North Dakota. See Docket No. 209.

The individual defendants sought an award of attorney's fees for the work required to file the motion to compel.  Docket No. 192.  W-E objected.  Docket No. 202.  This order resolves the issue of what attorney's fees the individual defendants are entitled to for filing and prevailing in part on their motion to compel, Docket No. 155.

## DISCUSSION

**A.     Lodestar Method**

The party requesting an award of attorney's fees bears the burden of establishing a factual basis for the award of fees.  See Johnston v. Comerica Mortg. Corp., 83 F.3d 241, 246 (8th Cir. 1996).  The appropriate amount of attorney's fees is highly fact-specific to the case.  There are two methods of determining attorney's fees: the lodestar method and the "percentage of the benefit" method.  Id. at 244-46.  The lodestar method calculates a fee (the lodestar) by multiplying "the hours expended by an attorney . . . by a reasonable hourly rate of compensation." Id. at 244.  "The burden is on the moving party to prove that the request for attorney's fees is reasonable." Tequila Centinela, S.A. de C.V. v. Bacardi & Co., Ltd., 248 F.R.D. 64, 68 (D.D.C. 2008).  The percentage of the benefit method "permits an award of fees that is equal to some fraction of the common fund that the attorneys were successful in gathering during the course of the litigation."  Johnston, 83 F.3d at 244-45.  The court has discretion to decide which method of determining fees is appropriate.  Id. at 246.  Because this matter concerns only an award of

fees in an intermediate matter rather than an end-of-case award to a prevailing party, the court chooses to apply the lodestar method.

Once the lodestar is calculated, there are twelve factors, known as the Johnson[1] factors, that are relevant in considering whether that figure should be adjusted up or down: (1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the skill requisite to perform the legal service properly; (4) the preclusion of employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases. See Hensley v. Eckerhart, 461 U.S. 424, 430 n.3, 434 (1983); Keil v. Lopez, 862 F.3d 685, 701 (8th Cir. 2017). "[T]he most critical factor is the degree of success obtained." Hensley, 461 U.S. at 436.

**B.    Reasonable Hourly Rate**

The reasonable hourly rate is usually the ordinary rate for similar work in the community where the case is being litigated—here, South Dakota. Moysis v. DTG Datanet, 278 F.3d 819, 828-29 (8th Cir. 2002); see also Tequila Centinela, S.A., 248 F.R.D. at 68 (citing Laffey v. Northwest Airlines, Inc., 746 F.2d 4, 16 (D.C. Cir. 1984)) (hourly rate must be "sufficient to attract

---

[1] Johnson v. Georgia Highway Express, Inc., 488 F.2d 714 (5th Cir. 1974).

3

competent counsel, but not so excessive as to produce a windfall," and generally "must be in line with rates charged by other attorneys of comparable skill, reputation, and ability within the community.")

Defendants have not informed the court what prevailing attorney's fee rates are for commercial litigation in South Dakota. However, the court may determine those rates based on its own knowledge of prevailing rates here. Brewington v. Keener, 902 F.3d 796, 805 (8th Cir. 2018) ("district courts may rely on their own experience and knowledge of prevailing market rates") (citations omitted).

Experienced, partner-level trial counsel in this community have recently received awards of attorney's fees of $300.00 per hour where the attorneys had several decades of experience, and one had specialty experience litigating First Amendment cases. Blue State Refugees v. Noem, 3:21-cv-03024-RAL, 2022 WL 1000564, at *3 (D.S.D. Apr. 4, 2022). An associate lawyer in the same case with two years of experience and a former federal clerkship had their hourly fee reduced to $200 per hour. Id.

In a case where out-of-state counsel were associated with local counsel, local South Dakota counsel were awarded $260 per hour for associate-level work and $350 per hour for partner-level work. See E & I Glob. Energy Servs., Inc. v. Liberty Mut. Ins., 4:20-cv-04033, 2023 WL 8809324, at *2 (D.S.D. Dec. 20, 2023). An hourly rate of $240 was approved for local counsel in an

4

interpleader action.  New York Life Ins. v. Torrence, 592 F. Supp. 3d 836, 838, 844-45 (D.S.D. 2022).

Here, defendants request a rate of $300 per hour for the two senior partner-level attorneys who worked on the motion to compel, $245 per hour for a junior partner, and $245 per hour for an associate.  The court finds these hourly rates to be reasonable and notes that W-E never argued to the contrary.

**C.     Reasonable Hours**

The "most critical factor" in determining what constitutes a reasonable award of attorney's fees is the degree of plaintiff's success.  El-Tabech v. Clarke, 616 F.3d 834, 843 (8th Cir. 2010) (quoting Warnock v. Archer, 397 F.3d 1024, 1026 (8th Cir. 2005)).  Courts are charged with excluding from awards of attorney's fees hours that were not "reasonably expended."  Hensley, 461 U.S. at 434.  "Cases may be overstaffed, and the skill and experience of lawyers vary widely."  Id.  In determining the reasonable hours expended by defendants' lawyers in this matter, the court turns to the itemized billing statement provided by them in support of its motion for attorney's fees.  See, e.g., Docket No. 193-1.

Defendants seek an award of $23,100 in attorney's fees.  Docket No. 192 at 6.  That consists of a 10-percent reduction of the total amount of attorney's fees for the entire brief in order to take into account matters on which defendants did not prevail as well as an additional $2,100 in attorney time expended in order to prepare the fee request.  Id. at 5-6.  Two lead attorneys on

5

the file expended 74.9 hours working on the motion to compel and two more junior attorneys spent a total of 2.5 hours working on the motion.  Id. at 3.

W-E contests the hours claimed by defendants, arguing that the total number of hours is not reasonable, many time entries are so vague it cannot be determined that this was time spent on the motion to compel, and some categories of work are not properly allowable.

In reviewing the time entries, the court notes that defendants request attorney's fees for time entries for May 3, 5, and 7, 2024.  See Docket No. 193-1 at 1.  But W-E did not serve its signed discovery responses on individual defendants until May 31, 2024.  See Docket Nos. 158-2 & -3.  Therefore, time entries prior to May 31, 2024, totaling 6.5 hours (x $300/hr.) will not be allowed.[2]  Prior to May 31, it would have been impossible for defendants to know what discovery W-E was going to produce and whether a motion to compel would be necessary.

The parties met and conferred about their differences with regard to the discovery beginning on June 6, 2024, when counsel for the individual defendants sent an 8-page letter to W-E's counsel detailing deficiencies in the discovery alleged by defendants.  Docket No. 158-4.  W-E responded with its

---

[2] In any case, these time entries appear unrelated to the subjects of the motion to compel.  The time entries describe reviewing discovery responses from Simplot, a co-defendant herein represented by other counsel.  Docket No. 193-1 at 1.  Some of these entries deal with reviewing third party subpoena production as well.  Id.  The subject of defendants' motion to compel on which the request for attorney's fees is premised is W-E's initial voluntary disclosures, interrogatories numbers 1-8, and requests for production numbers 2-9.  See Wilbur-Ellis Co. v. Jens, 4:23-CV-04104-LLP, 2025 WL 90098 (D.S.D. Jan. 14, 2025).

own 5-page letter on June 12, 2024. Docket No. 158-5. Following this exchange of letters, a telephone conference was held between opposing counsel to discuss these discovery matters on June 27, 2024. Docket No. 193-1 at 2. All the time entries from June 2024 submitted by individual defendants as part of their attorney's fees requests total 19.8 hours (x $300/hr). The court disallows this time spent by defendants' attorneys in June as explained below.

First of all, some of these time entries are simply for review of W-E's discovery responses. See id. at 1 (4.1 hours billed for examining plaintiff's discovery responses). This is time counsel would have spent anyway, even if the discovery responses were perfectly acceptable. Tequila Centinela, S.A., 248 F.R.D. at 69 (time spent on ordinary litigation activities not compensable under Rule 37 for a successful motion to compel). In addition, it appears counsel billed time for preparing a Rule 37 motion to compel on June 5, a day before even initiating the meet-and-confer process. Docket No. 193-1 at 1 (1.4 hours spent working on discovery position and Rule 37 motion to compel). The court will not award attorney's fees for time spent drafting a motion to compel when the necessity of filing such a motion could not at that time have been anticipated.

No time entries are submitted by defendants for the months of July - October. The next time entry submitted is for November 13, 2024, when another letter was prepared to send to W-E regarding persisting discovery deficiencies. Id. at 2; see Docket No. 158-6. W-E responded to that letter on November 19. Docket No. 158-7. This was followed by a final letter from

defendants on November 20 and emails between counsel on November 22. Docket Nos. 158-8 & -9. Defendants filed their motion to compel on November 26, 2024. Docket No. 155.

The court disallows the time counsel spent in November completing their duty to confer with opposing counsel in good faith about their discovery dispute, but allows time spent researching and writing the motion to compel. See Jim Hawk Truck-Trailers of Sioux Falls, Inc. v. Crossroads Trailer Sales & Service, Inc., 4:20-CV-04058-KES, 2023 WL 1825078, at *2 (D.S.D. Feb. 8, 2023) (holding that generally time spent in the meet-and-confer process is not compensable under Rule 37). Unfortunately, many of the time entries combine work on both matters and it is difficult to tell how much time was spent on the motion and how much time was spent on attempting to exhaust the duty to meet and confer.

For example, counsel spent 3.1 hours on November 19 reviewing W-E's responsive letter and drafting a response to the same, but also apparently working on the motion to compel. Docket No. 193-1 at 3. Similarly, on November 22 counsel billed 4.5 hours reviewing production of documents received from W-E, emailing opposing counsel about the meet-and-confer process, and researching discovery issues and drafting a "chronology of [the] meet and confer process," ostensibly for the motion to compel. Id. Researching and writing the motion to compel is compensable, but exhausting the meet-and-confer process is not. Jim Hawk Truck-Trailers, 2023 WL 1825078, at *2. Nor is reviewing documents that W-E produced compensable—counsel would

8

have to review documents produced by W-E in any event.  Tequila Centinela, S.A., 248 F.R.D. at 69.

The court could make a speculative guess as to how much of these time entries was spent on the motion to compel and is, therefore, compensable under Rule 37, but that would not be fair to W-E.  W-E pointed out the problem with some of these block entries of time in its brief in opposition to the motion for attorney's fees.  This gave defendants the opportunity to clear the matter up in their reply brief.

Defendants *did* state that the difference between the total time and the compensable time in each time entry accounts for time spent on non-compensable matters (see Docket No. 193 at 3), but defendants also assert that time spent in the meet-and-confer process should be compensable (see Docket No. 203 at 3-4).  That still leaves the court guessing how to apportion these multi-task block time entries.  Defendants offer to cut out all the time entries from June and July (there are no July time entries), but that does not clear up the entries in November in which counsel presents lump-sum time entries for activities that are both compensable and non-compensable.  Docket No. 193-1 at 2-4.

At the end of the day, defendants have the burden to justify the attorney's fees they are requesting.  Johnston, 83 F.3d at 246; Tequila Centinela, S.A., 248 F.R.D. at 68; Creative Res. Grp. of N.J., Inc. v. Creative Res. Grp., 212 F.R.D. 94, 103-04 (E.D.N.Y. 2002); Kayhill v. Unified Gov't of Wyandotte Cnty., 197 F.R.D. 454, 459 (D. Kan. 2000).  The court chooses to

eliminate all time entries that include both compensable and non-compensable work by defendants' attorneys in an undifferentiated block of time billed. These include time entries for the following dates: November 13, 18, 19, 22, 24, & 26.

The time entries the court does consider for compensation for researching and writing the motion to compel are the following:

| Date | Time-Keeper | Time Spent | Amt. of Fees |
|---|---|---|---|
| 11/14/24 | AMH | 1.1 (x $300/hr) | 330.00 |
| 11/24/24 | AMH | 4.7 (x $300/hr) | 1,410.00 |
| 11/25/24 | AH | 1.5 (x $245/hr) | 367.50 |
| 11/26/24 | AMH | 5.2 (x $300/hr) | 1,560.00 |
| 12/18/24 | SL | 1.6 (x $300/hr) | 480.00 |
| 12/20/24 | AMH | 1.9 (x $300/hr) | 570.00 |
| 12/23/24 | AMH | 2 (x $300/hr) | 600.00 |
| 12/26/24 | AMH | 1.3 (x $300/hr) | 390.00 |
| 12/30/24 | AMH | 5 (x $300/hr) | 1,500.00 |
| 12/30/24 | SL | 0.6 (x $300/hr) | 180.00 |
| 12/31/24 | SL | 0.6 (x $300/hr) | 180.00 |
| 12/31/24 | CEW | 1 (x $245/hr) | 245.00 |
| 12/31/24 | AMH | 5.1 (x $300/hr) | 1,530.00 |
| **TOTAL--Brief** | | | 9,342.50 |

| | | | |
|---|---|---|---|
| 1/14 to 2/3/25—preparing fee petition | AMH & SL | 8.8 (x $300/hr) | $2,100[3] |
| **TOTAL ALL WORK** | | 40.4 hours | $11,442.50 |

In addition to time spent researching and writing the motion to compel, the defendants seek $2,100 for time spent preparing their request for attorney's fees. W-E did not object to this part of defendants' fee request. The court finds this portion of the fee request to be reasonable and awards it.

Finally, one of the twelve factors the court is to consider in determining the final amount to award under the lodestar method is the degree of success obtained. Hensley, 461 U.S. at 430 n.3, 434. Here, the defendants litigated W-E's initial disclosures, eight separate interrogatories, and eight separate requests for the production of documents. This magistrate judge granted defendants' motion to compel 100 percent on eight of those requests and imposed some form of limitation on the remaining issues. See Wilbur-Ellis Co. v. Jens, 4:23-CV-04104-LLP, 2025 WL 90098 (D.S.D. Jan. 14, 2025). The district court imposed an additional limitation as to one discovery request. See Docket No. 209.

In eliminating all of the block time entries from consideration where both compensable and non-compensable attorney time was included, this court has already reduced defendants' requested fees substantially. Given the fact that

---

[3] Defendants voluntarily reduced the amount they requested for preparing the fees petition from $2,640 to $2,100.

11

defendants prevailed on the majority of the issues presented, the court finds further reduction would work an injustice.  The court notes that in many (not all) of the discovery issues where the court imposed some type of limitation, W-E had produced nothing at all.  So even though the court imposed some type of limiting guardrail on the discovery request, it was still a "victory" for defendants because before the court ruled, W-E had not produced anything.

      Finally, comparing the court's final decision as to the attorney fee award in this matter—40.4 compensable hours for a total award of $11,442.50—the court finds that award well within reasonable parameters given similar awards made in similar situations.  Defendants' motion was detailed and included seventeen discovery matters.  In other cases, 53-58 hours have been found reasonable for similarly in-depth discovery motions.  <u>Haukaas v. Liberty Mut. Ins.</u>, 4:20-CV-04061-KES, 2022 WL 1719412, at *9 (D.S.D. May 27, 2022); <u>Kirschenman v. Auto-Owners Ins.</u>, No. Civ. 09-4190-KES, 2012 WL 1493833, at *3-4 (D.S.D. Apr. 27, 2012).  Defendants' initial brief was 30 pages, their reply brief was 23 pages, and dozens of exhibits had to be filed in support of the motion.  <u>See</u> Docket Nos. 156, 158, 169, & 170.  A little over 40 hours for production of all of this work is reasonable the court finds.

## CONCLUSION

This magistrate judge grants in part and denies in part the individual defendants' motion for attorney's fees [Docket No. 192], and orders plaintiff Wilber-Ellis Company LLC to pay to defendants' the sum of $11,442.50 within 30 days from the date of this order.

## NOTICE OF RIGHT TO APPEAL

Pursuant to 28 U.S.C. § 636(b)(1)(A), any party may seek reconsideration of this order before the district court upon a showing that the order is clearly erroneous or contrary to law.  The parties have fourteen (14) days after service of this order to file written objections pursuant to 28 U.S.C. § 636(b)(1)(A), unless an extension of time for good cause is obtained.  See FED. R. CIV. P. 72(a); 28 U.S.C. § 636(b)(1)(A).   Failure to file timely objections will result in the waiver of the right to appeal questions of fact.  Id.  Objections must be timely and specific in order to require review by the district court.  Thompson v. Nix, 897 F.2d 356 (8th Cir. 1990); Nash v. Black, 781 F.2d 665 (8th Cir. 1986).

DATED this 28th day of April, 2025.

BY THE COURT:

_____
VERONICA L. DUFFY
United States Magistrate Judge